UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEATON ANDERSON,
                Plaintiff,

    -against-

Lieutenant J. MILLER and ALBERT PRACK,
Director Special Housing and the Inmate Disciplinary
Program, in their individual and official capacities,

                Defendants.

**FIRST AMENDED COMPLAINT**

13-CV-00988-MAD-CFH

---

## PRELIMINARY STATEMENT

1. This is a civil rights action brought by the plaintiff Steaton Anderson seeking declaratory and injunctive relief with respect to a prison disciplinary hearing at which defendant Miller imposed 18 months of isolated confinement and following which defendant Prack denied plaintiff's appeal and for damages for the harm that plaintiff has suffered and/or will suffer as a result of the wrongful to the Special Housing Unit for 18 months.

## JURISDICTION

2. This action is brought under 42 U.S.C. Sections 1983 and 1988. The defendants' actions, as set forth herein, violated plaintiff's rights as protected by the Fifth and Fourteenth Amendments to the United States Constitution.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343.

4. Venue properly lies in the Northern District of New York pursuant to 28 U.S.C. Section 1391(b), as a substantial part of the events giving rise to plaintiff's claim occurred in the Northern District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted his administrative remedies with respect to this claim.

## PARTIES

6. Plaintiff Steaton Anderson is an inmate in the custody of the Department of Corrections and Community Supervision (DOCCS). He is currently confined in the Special Housing Unit (SHU) at Southport Correctional Facility (Southport C.F.) in Pine City, New York.

7. Defendant Miller, at all times relevant to this complaint, was a lieutenant at Clinton Correctional Facility (Clinton C.F.) and served as the hearing officer at the Tier III disciplinary hearing which is the subject of this lawsuit. As hearing officer, defendant Miller issued a hearing disposition finding plaintiff guilty of all charges set forth in the misbehavior report and imposing a penalty which included thirty-six (36) months of SHU confinement.

8. Defendant Albert Prack, at all times relevant to this complaint, was the Director of Special Housing/Inmate Disciplinary Programs in the Central Office of DOCCS in Albany, NY. Defendant Prack is responsible for the operation of the inmate discipline program and issued the decision denying plaintiff's appeal of his Tier III hearing.

## FACTS

9. On August 19, 2011, a fight involving numerous inmates broke out in the North Yard of Clinton C.F.

10. During this incident, Steaton Anderson, then an inmate at Clinton C.F., was sitting on a bench in the North Yard.

11. On August 20, 2011, Sergeant M. Guynup (Sgt. Guynup) authored a misbehavior report alleging that plaintiff had participated in the August 19 fight.

12. According to Sgt. Guynup's misbehavior report, plaintiff was "observed by staff throwing closed fist punches at the head and torso of unknown inmates," failed to stop fighting and failed to obey orders to lie down.

13. The misbehavior report charged that through his alleged conduct on August 19, plaintiff violated disciplinary rules 100.13 (fighting); 104.11 (violent conduct); 104.13 (disturbance); 106.10 (direct orders); and 105.13 (gang activity).

14. As a result of the misbehavior report, a Tier III disciplinary hearing was convened on August 24, 2011 at which Defendant Miller presided as hearing officer.

15. At the hearing, plaintiff pled not guilty to each of the charges against him.

16. Plaintiff testified that he was in the yard on August 24, but that he was sitting on a bench away from the area where the fight took place.

17. During the hearing, plaintiff and defendant Miller watched a videotape of the incident.

18. While viewing the videotape, plaintiff pointed himself out, noting that he was at a location different from the location of the fight.

19. Defendant Miller stated he was unable to determine whether plaintiff was among the inmates who were fighting or among the inmates who were at a distance from the fight.

20. Defendant Miller called Sgt. Guynup as a witness.

21. Sgt. Guynup was the only witness who testified at the hearing.

22. Sgt. Guynup testified that the major incident was in the center of the yard and that there were separate altercations "along the fence line, all the way back to the fence line" and on the "bottom side."

23. Sgt. Guynup testified that there were also inmates who were not involved in the disturbance but who were in the area.

24. Sgt Guynup testified that he was watching the incident happen from 1 Post and that "as we started to move out to the yard we kept visual on everything that was going on. We identified where the inmates were that were actually fighting."

25. Sgt. Guynup testified that the inmates who were in the area of the fights were identified, handcuffed and brought in to the gym.

26. Sgt. Guynup testified that there was a list of inmates who were fighting and plaintiff Anderson was on the list.

27. Other than Sgt. Guynup's testimony that "we kept a visual on everything that was going on," and "we identified where the inmates were that were actually fighting," there is no testimony or evidence as to how the inmates who were placed on the list of fighting inmates were identified.

28. Sgt. Guynup did not testify that he placed plaintiff's name on the list or what, if anything, he had observed plaintiff doing that caused him to put plaintiff's name on the list.

29. Sgt. Guynup did not testify that he observed plaintiff throwing punches, engaging in violent conduct, creating a disturbance, refusing direct orders, engaging in gang activity or otherwise violating the rules as alleged in the misbehavior report.

30. Sgt. Guynup did not testify that he observed plaintiff's alleged non-compliance with orders to stop fighting and lay on the ground.

31. Sgt. Guynup did not testify how the inmates who were not fighting were distinguished from those who were fighting or how plaintiff Anderson was identified as being among the group of inmates who were fighting.

32. The hearing record also contains confidential information, which has not been provided to plaintiff or plaintiff's counsel. On information and belief, the confidential information

pertains to the allegation that the altercation in the yard was related to gang activity, not to plaintiff's personal involvement in that incident.

33. The hearing officer found plaintiff guilty of all charges set forth in the misbehavior report and imposed a penalty which included 36 months confinement to the Special Housing Unit.

34. In reaching decision, Defendant Miller relied on the misbehavior report and Sgt. Guynup's testimony identifying plaintiff Anderson as a participant.

35. Defendant Miller's determination of guilt was not supported by some evidence.

36. Plaintiff submitted administrative appeals on or about August 28 and 29, 2011.

37. Plaintiff's appeals argued that the determination of guilt was not supported by any evidence.

38. On October 25, 2011, defendant Prack issued a determination affirming the defendant Miller's determination that plaintiff was guilty of the alleged misbehavior.

39. On January 8, 2013, plaintiff's counsel submitted a request for reconsideration to defendant Prack. The request argued that the neither the misbehavior report nor the testimony at the hearing, whether viewed independently or in combination, was a sufficient evidentiary basis for defendant Miller's determination of guilt and asked that defendant Prack reverse the hearing.

40. On January 24, 2013, defendant Prack modified the penalty imposed at the hearing by reducing the SHU sanction to eighteen (18) months.

41. Plaintiff spent 18 months in SHU as a result of the determination of guilt made by defendant Miller and affirmed by defendant Prack.

42. The plaintiff's placement in SHU for eighteen months imposed an atypical and significant hardship on the plaintiff.

43. Plaintiff Anderson is waiving any and all claims related to the recommendation made at the hearing that plaintiff lose 18 months of good time.

44. As a result of other Tier III hearings that took place after the hearing challenged in this case, plaintiff Anderson is scheduled to be in SHU through January 1, 2016.

45. As a result of the punishments imposed at other Tier III hearings, plaintiff has been in SHU for more than the 18 months since the punishment was imposed by defendant Miller and has more than 18 months of accumulated SHU time left to serve.

46. The 18 months of SHU time that the defendants imposed on plaintiff as a punishment at the hearing conducted on August 24, 2011 deprived the plaintiff of a constitutionally protected liberty interest.

## SHU CONDITIONS

47. Plaintiff Anderson was confined to SHU at Southport C.F. for most of the 18 months that he was held in isolated confinement as a result of the determination of defendants Miller and Prack.

48. During the 18 months that he spent in SHU as a result of the defendants' determinations:

    a. plaintiff was in isolated confinement in a 6 foot by 9 foot cell for 23 hours a day, during which time he could not see other inmates;

    b. when plaintiff left the cell, he always wore handcuffs and for significant periods of time, was also required to have his cuffed hands attached to a waist chain and to wear leg shackles;

    c. for much of this period, plaintiff was permitted only two showers per week;

    d.    plaintiff had limited personal clothing and property, was denied regular recreational opportunities afforded to inmates in general population, had limited commissary and telephone privileges, had restricted access to reading material and was not allowed to watch television; and

    e.    when plaintiff's mother visited, plaintiff was sometimes in handcuffs and was separated from his mother by a wire mesh screen with only a small slot measuring 2 inches high through which they could have physical contact.

## CAUSE OF ACTION

49.    Defendants' acts and omissions stated above caused plaintiff physical pain, emotional distress and the loss of liberty as a result of the 18 months of illegal confinement in the Special Housing Unit.

50.    Defendants' actions and omissions stated above, by causing plaintiff to be confined to SHU for 18 months, deprived plaintiff of a liberty interest protected by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution.

**WHEREFORE** as a result of the violation of his constitutional rights, plaintiff respectfully demands judgment:

1. Declaring that the defendants' acts and omissions, as set forth above, violated plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution;

2. Ordering that the defendants re-allocate the first 18 months that the plaintiff spent in SHU as a result of this hearing to the penalties imposed at subsequent hearings;

3. Granting plaintiff compensatory damages for every day that he spent in SHU as a result of this hearing which either could not be or were not reallocated to the penalties imposed at other hearings;

4. Granting plaintiff punitive damages;

5. Awarding plaintiff reasonable attorneys' fees, costs and expenses in this action.

6. Granting such other and further relief as the Court deems just, proper, and equitable.

Dated: September 16, 2013

                                          s/ Betsy Hutchings
                                          BETSY HUTCHINGS
                                          Bar No. 501674

KAREN MURTAGH-MONKS, Executive Director
Prisoners' Legal Services of New York
Attorneys for Plaintiff
114 Prospect Street
Ithaca, NY 14850
(607) 273-2283, ext. 235
bhutchings@plsny.org

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STEATON ANDERSON,
                Plaintiff,

   -against-

Lieutenant J. MILLER and ALBERT PRACK,
Director Special Housing and the Inmate            13-CV-00988-MAD-CFH
Disciplinary Program, in their individual capacities,

                Defendants.

## CERTIFICATE OF SERVICE

      I hereby certify that on September 16, 2013, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system.

      I hereby certify that on September 16, 2013, I mailed the foregoing, by the United States Postal Service, to:

                Gregory Rodriguez
                Assistant Attorney General
                Attorney for the Defendants
                The Capitol
                Albany, NY  12224

Dated:  September 16, 2013
         Ithaca, New York

                    s/ Betsy Hutchings
                    BETSY HUTCHINGS
                    Bar Number: 501674


                PRISONERS' LEGAL SERVICES
                OF NEW YORK,
                Karen L. Murtagh, Executive Director
                Attorneys for Plaintiff
                114 Prospect Street
                Ithaca, NY 14850-5616
                Tel. 607-273-2283 x235
                Fax: 607-272-9122
                Bhutchings@plsny.or